J-A15038-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARLAYNA CHEMIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID CHEMIN | : | No. 216 MDA 2026 |

Appeal from the Order Entered January 5, 2026
In the Court of Common Pleas of York County Civil Division at No(s):
2024-FC-002387-03

BEFORE:   KUNSELMAN, J., LANE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED: JULY 17, 2026**

Marlayna Chemin (Mother) appeals from the order entered in the Court of Common Pleas of York County, awarding shared custody of her minor children, A.C. (born 1/2021), and L.C. (born 5/2023), (together, Children), with David Chemin (Father).  After our review, we conclude that the court conducted an insufficient and conclusory review of the relevant factors, rather than the necessary thorough analysis that is required pursuant to **E.D. v. M.P.**, 33 A.3d 73 (Pa. Super. 2011), and, to the extent it credited testimony regarding Father's assaultive behavior,[1] the court further failed to give

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We make no finding regarding any of the allegations of assaultive behavior because it is not clear from this record if the trial court credited any of the allegations.

substantial weighted consideration to those facts under Kayden's Law.[2] Accordingly, we vacate the order and remand for further proceedings.

Mother filed, *inter alia*, a custody complaint on November 26, 2024. The parties appeared for a custody trial, which took place on July 15, 2025, October 6, 2025, and December 16, 2025. On January 5, 2026, the court entered an order of, *inter alia*, shared custody of the Children as between the parties. On February 4, 2026, Mother timely appealed and filed a contemporaneous concise statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i).

On appeal, Mother presents the following issues for our review:

1. Did the trial court abuse its discretion in ordering shared physical custody of the parties by failing to properly weigh the best interest of the child custody factors?

2. Did the trial court abuse its discretion by ordering shared legal custody of the parties as there was a significant amount of testimony demonstrating Father is incapable of making reasonable decisions for the benefit of the Children, and Father is not capable of making a minimal level effort to cooperate with Mother?

Appellant's Brief at 3. We conclude that the resolution of Mother's first issue is dispositive to this appeal and requires that we vacate the order and remand.

Our standard of review of a challenge to a custody order is well-settled:

Our standard of review over a custody order is for a gross abuse of discretion. Such an abuse of discretion will only be found if the trial court, in reaching its conclusion, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or

---

[2] Act of April 15, 2024, P.L. 24, No. 8 (known as "Kayden's Law").

reaches a conclusion that is the result of partiality, prejudice, bias, or ill-will as shown by the evidence of record.

In reviewing a custody order, we must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the trial court who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*Rogowski v. Kirven*, 291 A.3d 50, 60-61 (Pa. Super. 2023) (citations and brackets omitted). Further, "as with all custody matters, the paramount concern is the best interest of the child involved." *Id.* at 61 (citation, brackets, and quotation marks omitted).

Initially, we observe that our review of the issues is impeded insofar as the trial court's decision inaccurately summarizes the record and offers little factual background or factual findings beyond what might be gleaned from the trial dockets. As is discussed below, relevant and necessary fact finding and attendant analysis is not present for our review of this case, as required for our review under the appropriate standard of review. *See Rogowski*, 291 A.3d at 60-61. Specifically, the parties dispute relevant facts relating to alleged abuse, which allegations the court incorrectly summarizes as only one instance of alleged abuse, and which disputed facts turn on credibility determinations that are nonexistent in this record. *See* Appellant's Brief at 21-25 (identifying various allegations of abuse not acknowledged or addressed

by trial court). Further, we note that, in this case, the court's analysis of the factors in 23 Pa.C.S. § 5328(a) is impermissibly conclusory and makes no citation to the record, further impeding our review. *See E.D.*, 33 A.3d at 82.

For example, the trial court analyzed the Section 5328(a) factors in its opinion in support of the custody order, as follows:

**(1) Safety of the Children**

The court finds that this factor weighs in favor of both parties, and that both parties are able to ensure the safety of the Children. A protection from abuse petition filed by Mother on her own behalf against Father was withdrawn following an agreement for Father, to move out of the marital residence.

**(2) Present and Past Abuse**

The police were called regarding an altercation between the parties in July 2024. Mother filed for a temporary/ex parte [protection from abuse] order against Father approximately [four] months later[,] which was denied. Mother subsequently withdrew her petition following an agreement between the parties as noted above.

**(2.1) Information Related to Child Abuse**

This factor is not applicable, there was no CYF involvement or finding of abuse regarding the Children. The court finds that neither party poses a threat of harm to the Children.

**(2.2) Violent or Assaultive Behavior**

There was no violent or assaultive behavior alleged by either party other than during the incident in July 2024. The court finds that neither party poses a danger to the Children due to any such alleged behavior.

**(2.3) Level of Cooperation Between the Parties**

While there is a certain amount of conflict between the parties, the court finds that both can work together to permit contact between the Children and each. The court does not find that either party has attempted to turn the Children against the other.

**(3) Parental Duties**

This factor weighs equally. Both parties attend to the Children's daily physical, emotional, developmental, educational, and social needs of Children, although Mother has been more attentive to the Children's eczema diagnosis.

**(4) Stability In Children's Education Family Life and Community Life**

This factor weighs equally. Both parties are regularly engaged with the Children's maternal family members who live nearby and Father is engaged with the Children and paternal family in France as can be scheduled. Both parties are engaged with daycare providers.

**(5) Sibling and Extended Family Relationships**

This factor favors both parties. Both parties are ensuring regular contact between the Children and maternal family members, and Father is maintaining contact between the Children, and paternal family members in France either electronically or in person during vacation or holiday visits. The Children have no other siblings.

**(6) Well-reasoned Preference of the Children**

This factor is not applicable due the young ages of the Children.

**(7) Proximity of Residences**

The parties reside approximately 8 miles or 16 minutes apart, which is conducive to regular custody exchanges.

**(8) Ability to Care for Children or Make Child Care Arrangements**

This factor weighs equally. Both parties work full time, mostly from home, and are able to make arrangements with daycare providers or family members if childcare is necessary.

**(9) History of Drug or Alcohol Abuse**

This factor is not applicable. There was no testimony regarding drug or alcohol abuse by either party.

**(10) Mental and Physical Condition of Party or Member of Party's Household**

> This factor is not applicable. Neither party nor any members of their households have a mental or physical condition that would prevent them from parenting the Children.

Trial Court Opinion, 1/5/26, at 5-7 (unnecessary capitalization omitted). There is no additional analysis conducted by the trial court.

After our review, although the trial court suggests that Mother only alleged one instance of abuse in July 2024, the record reflects additional instances of alleged abuse, which must be either credited or discredited by the trial court and then weighed appropriately in consideration of the Section 5328(a) factors. *See* N.T. Custody Trial, 7/15/25, at 39-43, 71-74, 81, 84-86, 99-100. Father denies the abuse allegations. *See id.* at 90; *see also* Appellee's Brief at 14-17. We cannot conclude that the court credited or rejected any of Mother's alleged abuse and we refuse to speculate to that effect. *See E.D.*, 33 A.3d at 82 (noting "It is not this Court's function to determine whether the trial court reached the 'right' decision; rather, we must consider whether, 'based on the evidence presented, given [] due deference to the trial court's weight and credibility determinations,' the trial court erred or abused its discretion in awarding custody to the prevailing party.") (citations omitted); *see also Rogowski*, 291 A.3d at 60-61 (setting forth this Court's standard of review). Further, the court's conclusion as to any danger posed to the Children is conclusory as there is no analysis related to the alleged abuse and how it connects to their safety or best interests. *See E.D.*, 33 A.3d at 82 (requiring thorough analysis of Section 5328(a) factors). The court's Rule 1925 opinion offers no more support for its decision than that

offered in the opinion in support of the custody award. **See** Trial Court Opinion, 2/9/26, at 1 (stating "[T]his court is in receipt of notice that an appeal has been filed in the above matter. The [. . .] basis for the order subject to appeal can be found in both the final custody order and opinion, dated January 5, 2026, which are incorporated as if fully set forth herein. [. . .] This court cannot offer anything more direct or clear than the statements therein which the court feels appropriately explains its reasoning."); **see also** Trial Court Opinion, 1/5/26 (unnecessary capitalization omitted). Unfortunately, contrary to the trial court's suggestion, our appellate review is materially hampered where the trial court offered insufficient and conclusory explanations of its reasoning, which included insufficient relevant and material factual findings with citations to the record and failed to offer any credibility determinations. **See E.D.**, 33 A.3d at 82.

Further, we remind the trial court of its responsibility under Kayden's Law to give substantial weighted consideration to whatever relevant alleged violence it deems credible, as we have recently described:

> In a custody action, the Child Custody Act requires the trial court to weigh several factors pertaining to the child's best interest outlined in 23 Pa.C.S. § 5328(a). As our Supreme Court has explained:
>
>> Section 5328(a), along with other domestic relations provisions, was amended pursuant to Act of April 15, 2024, P.L. 24, No. 8 (known as "Kayden's Law"), effective August 13, 2024. Kayden's Law expands the factors to be considered in the custody court's best interest analysis and now requires the court to give "substantial weighted consideration" to, *inter alia*, the "safety of the child," which is defined in Kayden's Law as including "the physical,

> emotional and psychological well-being of the child," and any "violent or assaultive behavior committed by a party." Act of April 15, 2024, P.L. 24, No. 8, §§ 2-3 (as amended 23 Pa.C.S. §§ 5322(a), 5328(a)).
>
> ***Velasquez v. Miranda***, 321 A.3d 876, 886 n.6 (Pa. 2024) (cleaned up). Kayden's Law also amended [Section] 5323(e) of the Child Custody Act, which states that **if a court grants custody to a parent with a history of abuse, it must implement safety precautions and explain why the award is in the child's best interest**. *See* 23 Pa.C.S. § 5323(e).

***Goldner v. Manigault***, 345 A.3d 1212, 1217 (Pa. Super. 2025) (emphasis added). Again, we make no credibility finding as to any of the alleged assaultive behavior, and leave that determination for the trial court in the first instance.[3]

For these reasons, we vacate the trial court's order and remand for further proceedings consistent with this decision.

---

[3] Because the trial court may reach a different conclusion upon further consideration of the appropriate factors, this Court has decided to relinquish jurisdiction. The parties may file a new appeal to the trial court's decision after remand. We remind the trial court that its jurisdiction does not vest with it, until the record is returned from this Court or the Supreme Court should further appeals be taken. We expect the trial court will promptly file a more thorough decision upon remand.

Order vacated. Remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>07/17/2026</u>